**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Matthew A. Green, Esquire (ID No. 03228-2003)
Joshua B. Kaplan, Esquire (ID No. 21244-2016)
1120 ROUTE 73, SUITE 420
MT. LAUREL, NEW JERSEY 08054
Phone: (856) 795-3300
*Attorneys for Phoenix Administrators, LLC d/b/a*
*Performance Health*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SOLOMON SCHECHTER DAY SCHOOL OF BERGEN COUNTY and SINAI SPECIAL NEEDS INSTITUTE, INC.,**<br><br>    **Plaintiffs,**<br>    v.<br><br>**C&A BENEFITS GROUP LLC d/b/a C&A BENEFITS GROUP AND BUSINESS SERVICES,**<br><br>    **Defendant/Third-Party Plaintiff,**<br>    v.<br><br>**PHOENIX ADMINISTRATORS, LLC d/b/a PERFORMANCE HEALTH,**<br><br>    **Third-Party Defendant.** | No. 2:20-cv-01122-WJM-MF<br><br><br>**NOTICE OF MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

TO: THE CLERK OF COURT AND ALL COUNSEL OF RECORD

Please take notice that on January 4, 2021, or as soon thereafter as counsel may be heard, Third-Party Defendant Phoenix Administrators, LLC d/b/a Performance Health ("Performance Health"), will move before the Honorable William J. Martini, United States District Judge for the District of New Jersey, for an order dismissing with prejudice the counterclaims of Plaintiffs Solomon Schechter Day School of Bergen County and Sinai Special Needs Institute, Inc.

Please take further notice that, in connection with this Motion, Performance Health will rely upon the attached memorandum of law, certification of counsel and exhibits thereto, and proposed order.

Dated: December 3, 2020

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

*/s/  Joshua B. Kaplan*
Matthew Green, Esquire (N.J. I.D. 03228-2003)
Joshua B. Kaplan, Esquire (N.J. I.D. 21244-2016)
1120 Route 73, Suite 420
Mt. Laurel, NJ 08054
856-795-3300
matthew.green@obermayer.com
joshua.kaplan@obermayer.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SOLOMON SCHECHTER DAY SCHOOL OF BERGEN COUNTY and SINAI SPECIAL NEEDS INSTITUTE, INC.,**<br><br>     **Plaintiffs,**<br>**v.**<br><br>**C&A BENEFITS GROUP LLC d/b/a C&A BENEFITS GROUP AND BUSINESS SERVICES,**<br><br>     **Defendant/Third-Party Plaintiff,**<br>**v.**<br><br>**PHOENIX ADMINISTRATORS, LLC d/b/a PERFORMANCE HEALTH,**<br><br>     **Third-Party Defendant.** | No. 2:20-cv-01122-WJM-MF |

## <u>ORDER</u>

This matter having been opened to the Court by Obermayer Rebmann

Maxwell & Hippel LLP, counsel for Defendant Phoenix Administrators, LLC d/b/a

Performance Health ("Performance Health"), and for good cause shown, it is

hereby **ORDERED** that Performance Health's motion to dismiss Plaintiffs'

counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**,

and Plaintiffs' claims against Performance Health are **DISMISSED WITH**

**PREJUDICE**.


Dated: _____, 2021          _____

                                                        William J. Martini, U.S.D.J.

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Matthew A. Green, Esquire (ID No. 03228-2003)
Joshua B. Kaplan, Esquire (ID No. 21244-2016)
1120 ROUTE 73, SUITE 420
MT. LAUREL, NEW JERSEY 08054
Phone: (856) 795-3300
*Attorneys for Phoenix Administrators, LLC d/b/a*
*Performance Health*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SOLOMON SCHECHTER DAY SCHOOL OF BERGEN COUNTY and SINAI SPECIAL NEEDS INSTITUTE, INC.,**<br><br>       **Plaintiffs,**<br><br><br>       **v.**<br><br>**C&A BENEFITS GROUP LLC d/b/a C&A BENEFITS GROUP AND BUSINESS SERVICES,**<br><br>       **Defendant/Third-Party Plaintiff,**<br>       **v.**<br><br>**PHOENIX ADMINISTRATORS, LLC d/b/a PERFORMANCE HEALTH,**<br><br>       **Third-Party Defendant.** | No. 2:20-cv-01122-WJM-MF<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PERFORMANCE HEALTH'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

## <u>**TABLE OF CONTENTS**</u>

I.  PRELIMINARY STATEMENT ........................................................................1

II.  BACKGROUND ...........................................................................................3

   A.  Procedural History..................................................................................3

   B.  Factual Allegations .................................................................................4

III.  ARGUMENT ...............................................................................................8

   A.  Legal Standard ........................................................................................8

   B.  Plaintiffs' ERISA Claim Should Be Dismissed Because Performance Health
Is Not a Fiduciary as a Matter of Law ...................................................10

   C.  Plaintiffs' State-Law Claims Should Be Dismissed Because They Are
Preempted by ERISA ..............................................................................13

   D.  The Court Should Not Grant Plaintiffs Leave to Amend Their Counterclaims
Because Any Such Amendment Would Be Futile .................................17

IV.  CONCLUSION ...........................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)..................................................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..................................................8, 9

*Cottrell v. Alcon Labs.*, 874 F.3d 154 (3d Cir. 2017) .............................................17

*Dana Ltd. v. Aon Consulting, Inc.*, 984 F. Supp. 2d 755 (W.D. Ohio 2013) ..........12

*Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296 (3d Cir. 2001)........8

*Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP*,
    295 F. Supp. 2d 457 (D.N.J. 2003)..................................................................12

*Hocheiser v. Liberty Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 47870
    (D.N.J. Mar. 23, 2018).................................................................... 8, 9, 14

*IJKG Opco LLC v. Gen. Trading Co.*, 2020 U.S. Dist. LEXIS 39585
    (D.N.J. Mar. 6, 2020)....................................................................... 12, 13

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280 (3d Cir. 1999) ............9

*Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139 (3d Cir. 2007) ........................ 15, 16

*Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285 (3d Cir. 2014) .......... 14, 15, 16

*Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58 (1987)................................................14

*Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65 (3d Cir. 2012).................................. 14, 15

*Pegram v. Herrich*, 530 U.S. 211 (2000)...............................................................10

*Santomenno v. John Hancock Life Ins. Co. U.S.A.*, 2013 U.S. Dist. LEXIS 103404
    (D.N.J. July 24, 2013)...................................................................... 10, 11

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) ......................................................9

*Verizon Employee Benefits Comm. v. Kosinski*, 2009 U.S. Dist. LEXIS 67632
    (E.D. Pa. Aug. 3, 2009) ................................................................... 15, 16

**Statutes**

ERISA § 3(21)(A)(i), (iii), 28 U.S.C. § 1002(21)(A)(i), (iii) .................................11

ERISA § 514(a), 29 U.S.C. § 1144(a) ...................................................................14

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)....................................................*passim*

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 1, 8, 17

**Regulations**

29 C.F.R. § 2509.75-8............................................................................................12

Third-Party Defendant Phoenix Administrators, LLC d/b/a Performance Health ("Performance Health"), through its attorneys, Obermayer Rebmann Maxwell & Hippel LLP, submits this memorandum of law in support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

## I.   PRELIMINARY STATEMENT

Plaintiffs are private schools that provide self-funded employee benefit plans to their employees.  Performance Health previously served as the third-party administrator for Plaintiffs' employee benefits plans.  Plaintiffs assert a single claim against Performance Health under ERISA and three claims under Ohio common law, alleging that Performance Health, as third-party administrator, did not adequately communicate with Plaintiffs about their employee benefit plans, and that it did not properly handle stop-loss insurance claims or claims for benefits by plan participants.  Each of these claims should be dismissed with prejudice.[1]

Plaintiffs cannot state a claim against Performance Health under ERISA as a matter of law because Performance Health is not a fiduciary.  The touchstone for

---

[1] These claims are also tangential to the focus of this case, which is Plaintiffs' complaint against C&A.  In that complaint, Plaintiffs allege that C&A, not Performance Health, advised Plaintiffs how to complete the Group Disclosure Forms that served as the basis for denying the insurance claims at issue.  But for the false statements in the Group Disclosure Forms—supplied by Plaintiffs at C&A's suggestion—the insurance claims at issue would have been paid by the stop loss carrier.  Nowhere in any pleading do Plaintiffs content that Performance Health had any involvement in completing the forms that resulted in the denial of coverage by the stop loss carrier.

whether an entity is a fiduciary in the ERISA context is *discretion*, and Performance Health had none with respect to the tasks at issue.  Rather, as the parties' contracts unambiguously state, Performance Health's work was ministerial, and always subject to Plaintiffs' final adjudicatory authority.  Absent discretion in how to administer Plaintiffs' plans, Performance Health cannot be a fiduciary subject to an ERISA claim.

Nor can Plaintiffs assert state-law claims for breach of contract, breach of fiduciary duty, or professional negligence against Performance Health for the same conduct.  Courts in this Circuit have routinely acknowledged that ERISA expressly preempts state-law causes of action that relate to ERISA-covered benefit plans, such as the plans at issue in this case.  Irrespective of whether Performance Health is a fiduciary, ERISA precludes such claims.

Finally, Plaintiffs cannot modify their claims in a way that would subject Performance Health to an ERISA claim or escape the limitations created by ERISA preemption.  Accordingly, the Court should decline to afford Plaintiffs an opportunity to amend their counterclaims and instead dismiss each of those claims with prejudice.

## II.  <u>BACKGROUND</u>

### A.  **Procedural History**

Plaintiffs Solomon Schechter Day School of Bergen County ("Schechter") and Sinai Special Needs Institute, Inc. ("Sinai") originally commenced this action against Defendant C&A Benefits Group KKC a/b/a C&A Benefits Group and Business Services ("C&A") only, alleging that C&A, as Plaintiffs' insurance broker, violated its duties to Plaintiffs by providing improper advice that led to the denial of stop-loss insurance coverage for certain of Plaintiffs' employees.  *See generally* Exhibit A (ECF No. 1).  In turn, C&A asserted third-party claims against Performance Health, which served as the third-party administrator for Plaintiffs' employee benefits plans, for contribution and indemnification.  *See* Exhibit B (ECF No. 8).  Performance Health then asserted cross-claims against Plaintiffs for contractual defense and indemnification, pursuant to Plaintiffs' Administrative Services Agreements ("ASAs") with Performance Health.  *See* Exhibit C (ECF No. 30).

Plaintiffs now assert counterclaims against Performance Health for violation of ERISA § 502(a)(3), breach of contract, breach of fiduciary duty, and professional negligence.  *See* Exhibit D, Counterclaims (ECF No. 34).

### B.      Factual Allegations

Plaintiffs operate private schools in New Jersey.  *Id.* at ¶ 4.  In 2018,

Schechter and Sinai each decided to create self-insured employee health benefits

plans (the "Plans"), which are governed by the Employee Retirement Income

Security Act of 1974 ("ERISA").  *Id.* at ¶¶ 1, 5.  Performance Health served as the

third-party administrator (the "TPA") for Plaintiffs' Plans from June of 2018 to

May of 2019 for Schechter, and from July of 2018 to June of 2019 for Sinai.  *See*

*id.* at ¶ 2.

Each Plaintiff executed an ASA with Performance Health, and the ASAs

governed Performance Health's role as TPA for the plans.  *Id.* at ¶ 12.[2]  The Sinai

ASA describes Performance Health's duties as follows:

> 3.0 **Duties of TPA**
>
> 3.1 The TPA shall provide claims processing, claims payment
> and other administrative services as defined below.  The TPA
> will perform these services within the terms and conditions of the
> Plan and in accordance with industry standards.  ***The Company
> [i.e., Sinai], as Plan Administrator, shall have sole
> responsibility for the interpretation of all Plan Documents
> subject to any limitations imposed by law.***
>
> In performing the services described in this Paragraph 3.1, the
> TPA shall do the following:

_____

[2] Although Plaintiffs did not attach copies of the ASAs to their pleading, true and
correct copies of the Schechter ASA and Sinai ASA are attached to the
accompanying Certification of Counsel as Exhibits E and F, respectively.

4

a. Answer specific questions from Plan participants relative to the benefits available to them under the Plan and answer specific questions regarding claims for benefits;

b. Receive and process claims and/or deny such claims for benefits in accordance with the terms of the governing Plan document;

c. Make claims payments from an account established and funded by the Company and provide Company with a listing of all drafts or checks issued;

d. Creation of Plan Document and Summary of Benefits and Coverage for Company review and approval.

e. Issue provider/participant payment from Companies claim account and explanation of benefits to members and/or providers (EOB)

f. Issue identification cards

g. Communicate as appropriate with physicians, hospitals, and other persons or institutions supplying services, in order to clarify or verify claims;

h. Maintain records of coverage and claims history for Plan participants;

i. Provide information readily available from the claims payment system concerning the operation of the Plan for Company to completed [sic] required state and federal reporting

j. To the extent possible, comply with the terms and conditions of any insurance, stop-loss or reinsurance contract, including, but not limited to, filing for claims thereunder;

k. At the request of Company, make a reasonable effort to recover any overpayment or adjust any underpayment if it is determined that any payment has been made under this

Agreement to an eligible person or if it has been determined that
more or less than a correct amount has been paid by TPA;

l. Make reasonable efforts to subrogate (when applicable), COB
recovery and other recovery or cost savings related service to
Company; and

m. Provide personnel and adequate procedures for the
adjudication of claims and the issuance of claims, drafts or
checks. ***However, Company assumes responsibility for making
final determination for the adjudication.***

Exhibit F, §§ 3.0, 3.1 (emphasis added).  The Schechter ASA contains identical

provisions.  *See* Exhibit E, §§ 3.0, 3.1.

Further, both ASAs contain virtually identical "Disclaimer of Obligations of

TPA" provisions, which read:

9.0 **Disclaimer of Obligations of TPA**

9.1 Any and all obligations of the TPA are specifically stated in
this Administrative Agreement.   TPA is an independent
contractor with respect to all services being provided as set forth
in this agreement.[3]  The TPA does not insure or underwrite the
liability of the Plan.  If payment of insurance premiums and/or
self-funded claim reserve, and/or administrative fee is not made
by the Company, the TPA cannot pay, and does not have the
obligation to pay any claim or other amounts for or on behalf of
the Company.

9.2 ***The Company has and retains the ultimate responsibility
for payment of medical claims and pharmacy vendor claims
under the Plan and all expenses incidental to the Plan.***  The
Company agrees to indemnify and hold the TPA harmless

---

[3] The independent contractor provision is found in § 9.1 of the Schechter ASA, but
not the Sinai ASA.  Other than this difference, the two ASAs are identical with
respect to §§ 9.0-9.3.

against any and all loss, claims, demands or causes of action brought against the TPA for any actions undertaken by the TPA to carry out its duties under this Administrative Agreement, unless such loss, claims, demands or causes of action are the result of TPA's willful misconduct or gross negligence.

9.3 The TPA shall not be required under any circumstances to make payment for insurance premiums, self-funded benefits or other costs unless the Company has previously deposited sufficient funds to cover such payments as requested by the TPA. ***The Employer acknowledges that in all instances all obligations of the Plan are and shall remain the Company's. The parties acknowledge and agree that the TPA is not a fiduciary.*** The reporting requirements imposed by ERISA are the responsibility of the Company, and although the TPA may provide assistance and advice and forms for the Company to use in meetings and fulfilling such reporting and disclosure requirements, the TPA disclaims any responsibility for same. The Company may desire to seek legal counsel as to all legal documents required under ERISA.

Exhibit E, at § 9.0 (emphasis added); Exhibit F, at § 9.0. The ASAs are governed by Ohio law. *See* Exhibit E, at § 8.10; Exhibit F, at § 8.10.

Plaintiffs allege that, although Performance Health is no longer their TPA, its obligations under the ASAs continue because claims from plan participants remain unresolved for the period during which Performance Health was the TPA, and Plaintiffs continue to need information relating to those claims. *See* Exhibit D, at ¶ 17. Plaintiffs allege that Performance Health has failed to maintain and provide them with information regarding claims status and payment in a timely manner, to submit and ensure proper payment on stop-loss claims, and to process and make claim determinations in a timely manner. *See id.* at ¶¶ 32-54. Based

7

upon these allegations, Plaintiffs assert claims against Performance Health for:
(1) violation of ERISA § 502(a)(3); (2) breach of contract; (3) breach of fiduciary
duty; and (4) professional negligence.

## III.   ARGUMENT

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a
complaint that fails to state a claim upon which relief can be granted.  On a motion
to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the
complaint as true, and draw all reasonable inferences from those facts in the light
most favorable to the non-moving party.  *See Gen. Motors Corp. v. New A.C.
Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001).  "While Federal Rule of Civil
Procedure 8(a)[] does not require that a complaint contain detailed factual
allegations, 'a plaintiff's obligation to provide the "grounds" of his "entitle[ment]
to relief" requires more than labels and conclusions, and a formulaic recitation of
the elements of a cause of action will not do.'"  *Hocheiser v. Liberty Mut. Ins. Co.*,
2018 U.S. Dist. LEXIS 47870, at *9 (D.N.J. Mar. 23, 2018) (quoting *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (footnote omitted).[4]  "Thus, to
survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient

---

[4] True and correct copies of all unpublished opinions cited herein are attached to
the accompanying Certification of Counsel.

factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim is 'plausible on its face.'" *Hocheiser*, 2018 U.S. Dist. LEXIS 47870, at *9 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the 'plausibility standard is not akin to a "probability requirement," . . . it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Hocheiser*, 2018 U.S. Dist. LEXIS 47870, at *9-10 (quoting *Iqbal*, 556 U.S. at 678).

Finally, in considering a motion to dismiss, the Court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" without converting the motion into one for summary judgment. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted). In that regard, the Court may consider matters of public record and exhibits attached to the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

**B.**     **Plaintiffs' ERISA Claim Should Be Dismissed Because Performance Health Is Not a Fiduciary as a Matter of Law**

Plaintiffs assert a claim against Performance Health for breach of fiduciary duty, in violation of Section 502(a)(3) of ERISA.  It should be dismissed because Performance Health is not a fiduciary as a matter of law.

Plaintiffs' claim under § 502(a)(3) is effectively a claim that Performance Health breached fiduciary duties imposed by ERISA.  Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  In order to state a claim for breach of fiduciary duty in violation of § 502(a)(3), a plaintiff must adequately allege that the defendant was a fiduciary.  *See, e.g.*, *Santomenno v. John Hancock Life Ins. Co. U.S.A.*, 2013 U.S. Dist. LEXIS 103404, at *12 (D.N.J. July 24, 2013) (Martini, U.S.D.J.) ("'In every case charging breach of ERISA fiduciary duty, then, the threshold questions is . . . whether [the entity] was acting as a fiduciary . . . when taking the action subject to complaint.'" (quoting *Pegram v. Herrich*, 530 U.S. 211, 226 (2000))); *see also id.* ("Both breach of fiduciary duty claims and prohibited transaction claims [under § 502(a)(3)] require that an action be taken by an ERISA fiduciary.").  An entity that is not a named fiduciary may be

considered an ERISA fiduciary to the extent that it "exercises any discretionary authority or discretionary control respecting the management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." *See* 28 U.S.C. § 1002(21)(A)(i), (iii); *see also Santomenno*, 2013 U.S. Dist. LEXIS 103404, at *11-12 (quoting § 1002(21)(A)).

Critically, as this Court has recognized:

> [A]n entity is *not* a fiduciary if it has
>
> no power to make any decisions as to plan policy, interpretations, practices or procedures, but perform[s] the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:
>
> (1) Application of rules determining eligibility for participation or benefits;
>
> (2) Calculation of services and compensation credits for benefits;
>
> (3) Preparation of employee communications material;
>
> (4) Maintenance of participants' service and employment records;
>
> (5) Preparation of reports required by government agencies;
>
> (6) Calculation of benefits;
>
> (7) Orientation of new participants and advising participants of their rights and options under the plan;

11

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration.

*IJKG Opco LLC v. Gen. Trading Co.*, 2020 U.S. Dist. LEXIS 39585, at *10-11 (D.N.J. Mar. 6, 2020) (quoting *Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP*, 295 F. Supp. 2d 457, 463 (D.N.J. 2003), in turn citing 29 C.F.R. § 2509.75-8) (emphasis in *IJKG Opco*).  When a plaintiff asserting a § 502(a)(3) claim fails to adequately plead that a defendant functioned as a fiduciary with respect to the conduct at issue, dismissal of that claim is appropriate. *See IJKG Opco*, 2020 U.S. Dist. LEXIS 39585, at *18-19 (granting motion to dismiss § 502(a)(3) claim with prejudice for failure to adequately allege that the defendant was an ERISA fiduciary); *accord Dana Ltd. v. Aon Consulting, Inc.*, 984 F. Supp. 2d 755, 763-64 (W.D. Ohio 2013) (noting that "[a] substantial line of authority holds such [third-party] administrator[s] are not ERISA fiduciaries," and canvassing case law).

Here, the Court should dismiss Plaintiffs' § 502(a)(3) claim because they have not plausibly alleged that Performance Health was a fiduciary within the meaning of ERISA.  Specifically, Plaintiffs allege that Performance Health failed

to: (1) maintain and provide them with information regarding claims status and payment in a timely manner; (2) submit and ensure proper payment on stop-loss claims; and (3) process and make claim determinations in a timely manner. *See* Exhibit D, Counterclaims. at ¶¶ 32-54.  But this conduct falls squarely within the list of ***non-fiduciary, ministerial conduct*** above that the Court has previously held does not give rise to a § 502(a)(3) claim.  *See IJKG Opco*, 2020 U.S. Dist. LEXIS 39585, at *10-11.  Moreover, Plaintiffs' ASAs make clear that, with respect to interpreting the Plans and making benefits determinations, ***Plaintiffs themselves***, as fiduciaries of the Plans, retained discretion and responsibility for such decisions. *See* Exhibits E and F, § 3.1 (noting that each Plaintiff, "as Plan Administrator, shall have the sole responsibility for the interpretation of all Plan Documents . . ."); *see also id.* at § 9.2 (noting that each Plaintiff "has and retains the ultimate responsibility for payment of medical claims . . .").  Absent discretion, Performance Health cannot be deemed a fiduciary.

Accordingly, Plaintiffs' claim under ERISA § 502(a)(3) for breach of fiduciary duty should be dismissed.

## C.   Plaintiffs' State-Law Claims Should Be Dismissed Because They Are Preempted by ERISA

In addition to their ERISA claim, Plaintiffs assert claims against Performance Health for common law breach of fiduciary duty, breach of contract,

and professional negligence. These claims should be dismissed with prejudice because they are expressly preempted by ERISA.

"ERISA possesses 'extraordinary pre-emptive power.'" *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293 (3d Cir. 2014) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Congress enacted ERISA to create "a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "To ensure that plan regulation resides exclusively in the federal domain, Congress inserted in the [ERISA] statute an expansive preemption provision, codified at § 514(a) [i.e., 29 U.S.C. § 1144(a)]." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 82 (3d Cir. 2012). "Section 514(a), the express preemption provision of ERISA, provides, with limited exceptions not implicated in this case, that ERISA preempts 'any and all State laws insofar as they . . . relate to any employee benefit plan' covered under the statute." *Hocheiser v. Liberty Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 47870, at *23 (D.N.J. Mar. 23, 2018) (quoting § 514(a)).

"The Third Circuit has observed that the statutory phrase 'relate to' 'has always been given a broad, common-sense meaning, such that a state law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Hocheiser*, 2018 U.S. Dist. LEXIS 47870, at *23 (quoting *Menkes*, 762 F.3d at 293-94). In applying this test, courts

14

"look to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Iola*, 700 F.3d at 83-84 (quotation marks and citation omitted). When a state-law claim is premised on the existence of an ERISA plan and requires interpreting the plan's terms, ERISA preemption applies. *See Menkes*, 762 F.3d at 294.

Importantly, a defendant need not be an ERISA fiduciary for a plaintiff's state-law claims to be preempted. *See Verizon Employee Benefits Comm. v. Kosinski*, 2009 U.S. Dist. LEXIS 67632, at *8-10 (E.D. Pa. Aug. 3, 2009) (citing *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139 (3d Cir. 2007)). Rather, it is the nature of a plaintiff's state-law claims that govern the analysis. *See generally id.*

The decision in *Kosinski* is instructive. In that case, Kosinski was a defendant in an interpleader action, and he filed a third-party complaint against Hewitt Associates, the third-party administrator for the employee benefit plan at issue, seeking damages for Hewitt's negligent failure to change a decedent's beneficiary designation. *See Kosinski*, 2009 U.S. Dist. LEXIS 67632, at *2-4. Kosinski argued that because Hewitt was not a fiduciary, his claim against it could not be preempted by ERISA. *See id.* at *6. The district court disagreed, explaining that "[w]hether or not Hewitt is an ERISA fiduciary is irrelevant in determining the preemption issue. *Id.* at *7. The court then went on to hold that "[a] determination

15

of Kosinski's claim would 'necessarily require a court to consider the Plan in detail outside the mechanism prescribed by ERISA[,]' which was 'precisely what Congress sought to avoid in developing a nationwide scheme for ERISA plans." *Id.* at \*11 (quoting *Kollman*, 487 F.3d at 150).  Accordingly, the district court held that Kosinski's negligence claim was preempted.  *Id.* at \*12.

Similarly, the Third Circuit held in *Menkes* that the plaintiffs' claims for fraud, breach of contract, breach of fiduciary duty, and related claims were preempted by ERISA.  *See Menkes*, 762 F.3d at 294-96.  As the Third Circuit reasoned, "[c]laims involving denial of benefits or improper processing of benefits require interpreting what benefits are due under the plan.  Because these claims explicitly require reference to the plan and what it covers, they are expressly preempted."  *Id.* at 296.

The same result is warranted here. As already noted, Plaintiffs allege in support of their state-law claims that Performance Health failed to: (1) maintain and provide them with information regarding claims status and payment in a timely manner; (2) submit and ensure proper payment on stop-loss claims; and (3) process and make claim determinations in a timely manner.  *See* Exhibit D, *Counterclaims*. at ¶¶ 32-54.  However, the ASAs make clear that Performance Health's services were "perform[ed] . . . ***within the terms and conditions of the Plan[s]*** and in accordance with industry standards."  Exhibits E and F, at § 3.1 (emphasis added).

16

Because Plaintiffs' state-law claims against Performance Health are therefore connected with, and would require interpretation of, Plaintiffs' Plans, they are preempted by ERISA and should be dismissed.

### D. The Court Should Not Grant Plaintiffs Leave to Amend Their Counterclaims Because Any Such Amendment Would Be Futile

When a court dismisses claims under Rule 12(b)(6), the court may do so with prejudice, and deny leave to amend, when the amendment would be futile. *See Cottrell v. Alcon Labs.*, 874 F.3d 154, 164 n.7 (3d Cir. 2017). The Court should dismiss Plaintiffs' claims against Performance Health with prejudice because they cannot amend their claims so as to assert a viable cause of action. Plaintiffs cannot assert a cause of action against Performance Health under § 502(a)(3) because Performance Health lacked discretion in the performance of its duties. Performance Health is therefore not a fiduciary, and not subject to a § 502(a)(3) claim. Moreover, because the conduct about which Plaintiffs complain relates to Plaintiffs' Plans, and requires the interpretation and/or application thereof, their state-law claims cannot be amended in a way that escapes ERISA preemption.

Accordingly, Plaintiffs' Counterclaims against Performance Health should be dismissed with prejudice.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Performance Health respectfully requests that the

Court grant its Motion and enter the proposed form of order submitted herewith.

Respectfully submitted,

**OBERMAYER REBMANN MAXWELL &
HIPPEL LLP**

*/s/ Joshua B. Kaplan*
Joshua B. Kaplan, Esq. (I.D. # 21244-2016)
1120 Route 73, Suite 420
Mt. Laurel, NJ 08054-5108
Phone: (856) 795-3300
Email: joshua.kaplan@obermayer.com
*Counsel for Third Party Defendant, Phoenix
Administrators, LLC d/b/a Performance Health*

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Matthew A. Green, Esquire (ID No. 03228-2003)
Joshua B. Kaplan, Esquire (ID No. 21244-2016)
1120 ROUTE 73, SUITE 420
MT. LAUREL, NEW JERSEY 08054
Phone: (856) 795-3300
*Attorneys for Phoenix Administrators, LLC d/b/a*
*Performance Health*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SOLOMON SCHECHTER DAY SCHOOL OF BERGEN COUNTY and SINAI SPECIAL NEEDS INSTITUTE, INC.,** | No. 2:20-cv-01122-WJM-MF |
| **Plaintiffs,** | |
| **v.** | **CERTIFICATION OF COUNSEL** |
| **C&A BENEFITS GROUP LLC d/b/a C&A BENEFITS GROUP AND BUSINESS SERVICES,** | |
| **Defendant/Third-Party Plaintiff,** | |
| **v.** | |
| **PHOENIX ADMINISTRATORS, LLC d/b/a PERFORMANCE HEALTH,** | |
| **Third-Party Defendant.** | |

I, Joshua Kaplan, of full age, hereby certify as follows:

1.      I represent Phoenix Administrators, LLC d/b/a Performance Health ("Performance Health") in the above matter and have knowledge of the facts set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Complaint in this action (ECF No. 1).

3.      Attached hereto as Exhibit B is a true and correct copy of Defendant C&A's Answer and Third-Party Complaint in this action (ECF No. 8)

4.      Attached hereto as Exhibit C is a true and correct copy of Performance Health's Answer with Cross-Claim in this action (ECF No. 30).

5.      Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Answer to Performance Health's Cross-Claim with Counterclaims in this action (ECF No. 34).

6.      Attached hereto as Exhibit E is a true and correct copy of Schechter's ASA with Performance Health.

7.      Attached hereto as Exhibit F is a true and correct copy of Sinai's ASA with Performance Health.

8.      Attached hereto as Exhibit G is a true and correct copy of *Hocheiser v. Liberty Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 47870 (D.N.J. Mar. 23, 2018).

9.     Attached hereto as Exhibit H is a true and correct copy of *Santomenno v. John Hancock Life Ins. Co. U.S.A.*, 2013 U.S. Dist. LEXIS 103404 (D.N.J. July 24, 2013).

10.    Attached hereto as Exhibit I is a true and correct copy of *IJKG Opco LLC v. Gen. Trading Co.*, 2020 U.S. Dist. LEXIS 39585 (D.N.J. Mar. 6, 2020).

11.    Attached hereto as Exhibit J is a true and correct copy of *Verizon Employee Benefits Comm. v. Kosinski*, 2009 U.S. Dist. LEXIS 67632 (E.D. Pa. Aug. 3, 2009).


Dated: December 3, 2020                  */s/  Joshua B. Kaplan*
                                         Joshua B. Kaplan

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua Kaplan, hereby certify that on December 3, 2020, I caused

Performance Health's Motion to Dismiss to be filed with the Court and served on

all counsel of record via CMECF.

Dated: December 3, 2020                    */s/  Joshua B. Kaplan*
                                          Joshua B. Kaplan